Rex *v.* Eser.

## SUPREME COURT—IN BANCO.

### JANUARY TERM—1875.

*Harris and Judd, J. J.*

### REX *vs.* ESER.

THE JURISDICTION of Police and District Justices in cases of smuggling and violation of the revenue laws as given by Section 28th and 29th of Chapter 70 of the Penal Code, and Section 682 and 683 of the Civil Code ; HELD to be that they have authority to hear all cases of this nature, and when they shall think the offense committed is worthy of a fine of $500, this shall have authority to impose it, but if they think the fine should be greater they must commit for trial.

This is an appeal from the Police Court of Honolulu on points of law. It appears that on the 26th January, 1875, the defendant, who is a Chinese woman, was brought before the Police Justice of Honolulu charged with having smuggled opium.

Her counsel plead to the jurisdiction of said magistrate to entertain the case, which plea was overruled. Her counsel made also three other points of exception, to wit :

1st. That the warrant of search in the said cause was issued on an insufficient affidavit.

2nd. That the said warrant was issued to W. A. Markham, Port Surveyor and Custom House Guard, not to the Marshal or other officer of the Police.

3rd. That the seizure of the suspected goods was not made in the presence of two inhabitants of the district ; nor was an inventory made by the officer executing the warrant.

On these grounds the counsel for the defendant moved her discharge, which motion was overruled by the magistrate, and she was, upon the evidence, convicted and sentenced to pay a fine of $100 and costs.

BY THE COURT:

The counsel for the defendant claim that as Section 1 of Chapter 70, Penal Code, prescribes the fine for smuggling to be "not less than fifty, nor more than one thousand dollars," and Section 29 of the same Chapter limits the jurisdiction of the Police and District Justices to cases where the amount of the fine does not exceed five hundred dollars, that in cases of smuggling the Police Justice has no jurisdiction.

Section 28 confers jurisdiction upon Police or District Justices to examine persons charged with offenses against the revenue laws, and to commit them for trial, but the section closes with these significant words :   "And further provided, that nothing in this section contained shall be construed as interfering with the jurisdiction of the Police Justices in cases of smuggling and other offonses, as provided in the next succeeding section."

Section 29.   "The respective Police and District Justices throughout the Kingdom, shall have jurisdiction to try and determine all cases in which any person shall be charged with smuggling or attempting to smuggle, and all other offenses against any provision of the revenue laws, where the amount of the fine does not exceed five hundred dollars."

It is evident that by this section it was intended to place the offense of smuggling in some degree within the jurisdiction of the Police Court; but there is no case of smuggling specified in the statute in which the fine is limited to $500; the only clause which affixes a penalty being that in the first section of Chapter 70 of the Penal Code, which enacts that all persons "deemed guilty of the misdemeanor of smuggling, on conviction thereof, shall be fined not less than fifty nor more than one thousand dollars."   So that if the argument of the counsel for defendant should prevail, the Police Court would be divested of all jurisdiction, which is obviously what the Legislature did NOT intend.   We think therefore that the proper construction of the statute is, that the

Rex *v.* Eser.

Police and District Justices have authority to hear all cases of this nature, and when they shall think that the offense committed is worthy of a fine not exceeding $500, they have the authority to impose it. But if they shall think the offense committed worthy of a fine greater than $500, they must commit for trial.

As regards the three further points of objection, it is sufficient to say that neither the affidavit upon which the warrant to search for the suspected goods was issued, nor the warrant itself were before the Police Court in this case. The issue was solely the guilt or innocence of the prisoner on the alleged charge of smuggling, and the alleged irregularity in making the seizure could not have been inquired into by the magistrate.

The questions raised as to the proper method of taking out and executing a warrant to search for goods suspected of having been smuggled, can be decided in an action for damages by the prisoner against the officer serving it, but not in the case before the Court. Judgment affirmed.

The Attorney General Hon. W. R. Castle (A. S. Hartwell with him) for the Crown.

S. B. Dole for defendant.

Honolulu, February 11th, 1875.